UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD CHARLES GELLOCK,

    Petitioner,

v.

M. MARTEL,

    Respondent.

No. 2:17-cv-1911 MCE KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

    Petitioner, a state prisoner, is proceeding pro se and in forma pauperis. Respondent moves to dismiss the petition as a mixed petition, based on petitioner's alleged failure to exhaust. Petitioner filed a motion for stay and abeyance. As discussed below, the undersigned recommends that petitioner's motion for stay be denied, respondent's motion to dismiss be granted, and petitioner be ordered to file an amended petition raising only exhausted claims.

II. Background

    1. In 2012, petitioner was convicted of multiple counts of forcible sex crimes. (ECF No. 1; Respondent's Lodged Document ("LD") 1 at 1.) The trial court found true the allegation that petitioner had four prior serious felony convictions. (LD 1 at 1.) Petitioner was sentenced to 200 years in state prison. (ECF No. 1 at 1; LD 1 at 1.)

////

1

2. Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On April 11, 2016, the state appellate court affirmed the conviction. (LD 1.)

3. Petitioner filed a petition for review in the California Supreme Court. (LD 2.) The California Supreme Court denied the petition on June 15, 2016. (LD 3.)

In his petition for review, petitioner raised two claims: (a) the trial court violated the Fourth Amendment when it found the warrantless entry into petitioner's apartment was excused by the community caretaking exception; and (b) the trial court violated the Fourth Amendment by denying petitioner's suppression motion based on his voluntary consent. (LD 2.)

4. Petitioner filed no other post-conviction collateral challenges in state court.

5. Petitioner filed the instant petition on September 14, 2017. (ECF No. 1.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. Alleged Failure to Exhaust

A. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

The Supreme Court has refused to recognize an exhaustion exception even for clear constitutional violations. Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981). The statute provides for two rare exceptions to the exhaustion requirement: (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B).

B. Discussion

Petitioner concedes that he did not exhaust claims 1, 4, 5, 6 and 7. (ECF No. 16 at 2.)[2] Thus, absent the grant of a stay in this action, such claims must be dismissed.

////

---

[2] Petitioner raises other objections concerning what took place at trial, but such objections are not relevant to the issues of exhaustion. (ECF No. 16 at 5-7.)

V. <u>Motion for Stay</u>

    A. <u>The Parties' Positions</u>

Petitioner moves to stay and abey this action while he returns to state court to exhaust his unexhausted claims, seeking relief under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Respondent opposes the motion, arguing that petitioner presented no good cause for his delay, offering no explanation for his long delay in seeking to exhaust such claims in state court. Respondent argues that lack of knowledge of the law or ignorance of basic principles of exhaustion do not constitute good cause. (ECF No. 18 at 3.) Moreover, respondent contends that petitioner failed to explain his continued failure to seek state court review despite his repeated concessions that his appellate attorney failed to raise such claims. (<u>Id.</u>, citing ECF No. 1 at 7, 13, 16, 19, 25.) Respondent notes that by September 26, 2017, petitioner was aware he had not exhausted such claims, yet petitioner had filed no petitions in state court, and by November 20, 2017, when respondent filed the motion to dismiss, petitioner still failed to file any petitions in state court. Even by January 8, 2018, when petitioner filed his traverse, respondent argues that petitioner again asserted he could not be accountable for his appellate attorney's failure to present the unexhausted claims, yet petitioner still filed none of the unexhausted claims in state court. (ECF No. 18 at 4.) Respondent contends that on this record, petitioner cannot show he is not engaging in dilatory tactics because despite his concession that such claims are unexhausted, petitioner only filed motions in the court seeking further delay, rather than returning to state court to exhaust such claims.

In reply, petitioner again argues that his attorneys failed to raise the unexhausted claims in state court, and points out that the form petition also warns that claims may be barred if all grounds are not included in the petition. (ECF No. 21 at 3.) Petitioner states that all of his claims have merit, and argues that he would not want to delay litigation because his life is in danger every day because of his underlying criminal offenses. (ECF No. 21 at 4.) As explanation for the long delay, petitioner states he suffers from emphysema, coronary artery disease, and chronic obstructive pulmonary disease ("COPD"), and is oxygen and wheelchair dependent. (Id. at 4, 18.) Petitioner appears not to rely on ignorance of the law (ECF No. 21 at 5), but argues that his lack of legal materials, legal training, legal resources, and medical problems demonstrate he

4

should have counsel appointed. (ECF No. 21 at 6.) Petitioner states he is "trying to exhaust" and has received a copy of the "MC-275 form" from the California Supreme Court, and will inform this court when he has filed such petition. (ECF No. 21 at 7-8.) Petitioner states he was not aware he could have the same claims pending in two courts at the same time.

B. Rhines Stay

Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would

5

render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In order to be granted a stay under Rhines, petitioner must meet all three Rhines prongs set forth above. 544 U.S. at 278.

C. Discussion

In his opposition to the motion, petitioner continued to reiterate his position that he "cannot be accountable" for his appellate attorney's failure to raise claims 1, 4, 5, and 6, claiming he requested counsel to raise such issues. However, petitioner was alerted as early as 2013 that certain claims would not be raised on appeal. Petitioner provided detailed letters appellate counsel wrote to petitioner in 2013 explaining the appeals process and why counsel could and would only raise certain issues on appeal. (ECF No. 16 at 12-28.) Moreover, petitioner does not dispute that he was aware counsel failed to raise such claims, and fails to provide persuasive reasons why he then failed to timely raise the issues on his own.

It appears his sole basis for good cause is his health issues, and he does provide evidence that he suffers from COPD, emphysema, and coronary artery disease. However, petitioner fails to explain how his various medical conditions kept him from filing petitions in the state courts, particularly where petitioner was able to file the instant petition, as well as various motions in this case. Thus, petitioner fails to demonstrate good cause under Rhines.

The record also reflects that petitioner has been dilatory in raising claims 1, 4, 5, 6 and 7. Unlike the prisoner in Wooten, petitioner was aware that his appellate counsel had not raised claims 1, 4, 5, 6, and 7 in the petition for review. Despite such awareness, petitioner did not attempt to file a petition for writ of habeas corpus in the state courts. Rather, petitioner did not write to the California Supreme Court seeking the petition form until January 3, 2018 (ECF No. 21 at 21), long after petitioner was first aware that his unexhausted claims had not been presented

in appellate counsel's petition for review. Moreover, the California Supreme Court sent petitioner the MC-275 form on January 12, 2018, but even as of April 24, 2018, petitioner had not yet filed a petition in the California Supreme Court. Thus, petitioner cannot avail himself of relief under Pace, because petitioner has not been diligently pursuing state post-conviction relief, and was not reasonably confused as to whether his petition would be timely. Such inactivity on petitioner's part is intentionally dilatory under Rhines.

Petitioner objects that he has not been engaging in dilatory tactics, claiming that his life is at risk due to the nature of his criminal conviction. However, the record demonstrates that petitioner chose to file motions and other documents in this court rather than exhaust his state court remedies. Petitioner has filed no petitions in state court since the California Supreme Court denied the petition for review on June 15, 2016. Even now, petitioner states he will inform this court when he files his petition in state court. (ECF No. 21 at 7-8.) Given that his delay is rapidly approaching two years, in addition to his mantra that he cannot be held accountable for appellate counsel's failure to raise the unexhausted claims in the petition for review, the undersigned finds that petitioner is not entitled to a stay under Rhines.[3]

VI.  Two Exhausted Claims

Petitioner has exhausted his claims 2 and 3: the trial court violated the Fourth Amendment when it found the warrantless entry into petitioner's apartment was excused by the community caretaking exception; and the trial court violated the Fourth Amendment by denying petitioner's suppression motion based on his voluntary consent.

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). There is no evidence before the court that petitioner did not have a full and fair opportunity to litigate

---

[3] As noted above, petitioner is required to meet all three prongs of Rhines. Because petitioner fails to meet two of the three prongs of Rhines, the undersigned declines to address whether petitioner's unexhausted claims are potentially meritorious.

7

his Fourth Amendment claims in state court. Indeed, the petition for review demonstrates that the trial court held an Evidence Code section 402 hearing at which testimony was taken, including testimony from petitioner's expert witness, Dr. David Lehman, a Sacramento internist trained in pulmonary illness. (ECF No. 1 at 63, 68.) Indeed, during the preliminary hearing and again before trial, petitioner moved to exclude and/or suppress evidence seized from his apartment. (ECF No. 1 at 64; 95; LD 2, *passim*.) Because petitioner had a fair opportunity to and did, in fact, litigate his Fourth Amendment claims in state court, both at trial and on appeal, his Fourth Amendment claims are barred in this federal habeas proceeding, and should be dismissed. Stone, 428 U.S. at 494.

## VII. Request for Counsel

In light of the instant recommendations, petitioner's request for the appointment of counsel is denied.

## VIII. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 21) is denied; and

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 17) be denied;

2. Respondent's motion to dismiss (ECF No. 10) be granted; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2018

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gell1911.mtd.hc.fte.stayd